George SHELLEY, Plaintiff,

v.

THE MACCABEES, Emile A. Haar, David A. Hersh, Robert E. Morris, R. B. Twogood, T. L. Kester, L. F. Ayer, C. Robert Young, A. F. Devine and Joseph E. Navarre, Defendants.

Civ. No. 20123.

United States District Court
E. D. New York.

May 25, 1960.

See also D.C., 183 F.Supp. 681.

Manning, Hollinger & Shea, Peter Campbell Brown, Bruce A. Hecker, and William Schurtman, New York City, for plaintiff.

Watters & Donovan, John P. Walsh, New York City, and Francis A. McGrath, Brooklyn, N. Y., for defendants.

RAYFIEL, District Judge.

The complaint herein states four causes of action. The first is for the recovery of the sum of $1,198,000, the purchase price reserved in an agreement between the defendant "The Maccabees" and the plaintiff, under the terms of which the former agreed to purchase for the said sum commissions earned and to be earned by the latter, and which said agreement, it is claimed, certain of the individual defendants persuaded and induced the remaining individual defendants, directors of "The Maccabees," to breach and cancel. The second is similar in nature, except that it refers to an agreement for the sale by the plaintiff to "The Maccabees" for the sum of $1,000,-000 of the good will of his insurance business and the personal property and assets used in connection therewith. The third is for the recovery of the sum of $3,000,-000, the damages alleged to have been sustained by reason of the inducement to breach and the breach of an agreement under the terms of which "The Maccabees" employed the plaintiff as State Manager in charge of its insurance activities in New Jersey, Connecticut and Rhode Island at a fixed annual salary and expense allowance, in addition to commission and bonus compensation. The fourth cause of action charges that the "defendants have engaged, both individually and as part of a joint conspiracy, in a systematic effort to undermine and destroy the plaintiff's business and prospective business as well as plaintiff's career" in the manner and by the means described in the complaint, to his damage in the sum of $6,000,000.

The defendant "The Maccabees" has moved for an order

(a) disqualifying Manning, Hollinger and Shea, Esqs., attorneys for the plaintiff, and all members and employees of said firm, and any associates thereof, including specifically Joseph W. Louisell, Esq., and Peter J. Monahan, Esq. and their respective employees, from acting as attorneys for the plaintiff in this action, or from aiding, directly or indirectly, in the preparation and prosecution thereof, and

(b) quashing and suppressing the deposition in this action of Joseph A. Navarre, a witness and a defendant herein, commenced on February 4, 1960, and directing that the continuance of said deposition forthwith cease.

It grounds its motion to disqualify on Canons 6 and 37 of the Canons of Professional Ethics of the American Bar Association, which were adopted as a general rule of this Court, and bases its right to relief thereunder on the claim that the attorneys for the plaintiff have heretofore represented "The Maccabees," and have, during the course and as a result of such representation obtained information of a confidential nature which is substantially related to the issues involved in the instant action.

Canon 6, so far as is here pertinent, provides that "The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed."

Canon 37 reads as follows: "It is the duty of a lawyer to preserve his client's confidences. This duty outlasts the lawyer's employment, and extends as well to his employees; and neither of them should accept employment which involves or may involve the disclosure or use of these confidences, either for the private

advantage of the lawyer or his employees or to the disadvantage of the client, without his knowledge and consent, and even though there are other available sources of such information. A lawyer should not continue employment when he discovers that this obligation prevents the performance of his full duty to his former or to his new client."

With its motion to disqualify "The Maccabees" caused to be served upon the plaintiff and his attorneys subpoenas duces tecum, demanding the production of correspondence, documents, memoranda, etc., in any way relating to the retention and representation of "The Maccabees" by said attorneys. Plaintiff and his attorneys moved to quash or modify said subpoenas, urging as grounds therefor the attorney-client privilege, as well as the fact that the scope of the documents, memoranda, correspondence, etc. demanded was unreasonably extensive and oppressive. While it would appear that copies or originals of all or virtually all of the records involving the relations between "The Maccabees" and either the plaintiff or his attorneys are in the possession of "The Maccabees" or its general counsel, the defendant David A. Hersh, the plaintiff's attorneys offered to and did turn over to the Court for its inspection in camera its complete files relating to all matters involving its representation of "The Maccabees."

■ It is my opinion that "The Maccabees," in order to prevail on this motion to disqualify, must show not less than that Manning, Hollinger and Shea, or any member thereof, or their associates or employees, as a result of their former representation of "The Maccabees," have acquired or had access to certain confidential information *which is substantially related to the matters involved in the instant action,* the use whereof would constitute a breach of professional ethics.

These, in substance, are the bases of "The Maccabees'" claim that the former representation of it by the plaintiff's attorneys and their associates disqualifies them from representing the plaintiff in the instant action.

"The Maccabees" is a fraternal benefit insurance society incorporated under the laws of the State of Michigan, and is licensed to do business in the State of New York and many other states. Its home or principal office is located in Detroit, Michigan. During 1957 and 1958 its affairs were examined by the Insurance Department of the State of Michigan. The examination was recessed, and a draft of an interim report of its findings therein was delivered to "The Maccabees". It appears that under the law of the State of Michigan that report was confidential and not subject to public inspection, and its contents were to be known only to the said Insurance Department and the officers of "The Maccabees," of whom the plaintiff was one, to wit, the Chairman of its Board of Directors. Because of the disclosures made in said interim report "The Maccabees" decided to transform from a fraternal benefit insurance society to a mutual insurance company. In September, 1958 William A. Shea, Esq., a member of the firm representing the plaintiff herein, and one Peter J. Monahan, Esq., of Detroit, Michigan, were retained by "The Maccabees" as associate counsel to assist its general counsel in connection with the problems involved in the aforementioned transformation, for which services they were compensated. In connection with said retainer involving the proposed transformation the draft of the interim report was exhibited to Mr. Shea, who was permitted to make a copy thereof. This report contained critical comment of "The Maccabees" and, it is claimed, of the position and the affairs of the plaintiff as the New York agent and an officer thereof.

It is also claimed that prior to September, 1957 "Manning, Hollinger and Shea were retained to perform legal services for The Maccabees through Mr. Shelley, as its New York Agent," for which they received compensation, but nothing is said about the specific nature of the services rendered, nor is the claim made that

confidential information of any kind, or access thereto, was given to a member, associate or employee of the firm in connection with such retainer or services.

It is further claimed that on or about February 2, 1960 Manning, Hollinger and Shea began to take the deposition of the defendant Joseph A. Navarre, formerly head of the Insurance Department of the State of Michigan, and currently insurance consultant for "The Maccabees", and that during the course of the deposition Mr. Navarre was questioned respecting matters contained in the aforementioned interim report. The examination, it appears, was conducted by Joseph W. Louisell, Esq., a member of the Michigan Bar, assisted by William Schurtman, Esq., a member of the firm of Manning, Hollinger and Shea. Mr. Louisell is one of those whose disqualification is sought herein. It may be noted here that the instant action is one of five brought by the plaintiff at or about the same time against "The Maccabees" and/or one or more of its officers or directors in either federal or state courts in New York and Michigan, and that there is now pending in the United States District Court for the Eastern District of Michigan an action subsequently commenced by "The Maccabees" against the plaintiff for a declaratory judgment and other relief. Mr. Louisell is attorney of record for Mr. Shelley in the Michigan actions.

Nowhere in any of the affidavits submitted in support of the application for the order of disqualification is there reference to *any* confidential information allegedly obtained from "The Maccabees" by Manning, Hollinger and Shea, or its associates or employees, during their representation of it, let alone confidences which are *substantially related to the issues involved in the instant action.* The interim report of the Michigan Insurance Department, while its contents may be confidential under Michigan law, (1) is not a confidence obtained from "The Maccabees" by Manning, Hollinger and Shea, and (2) is not in *any* way, much less, *substantially*, related to the issues in this action. It may be added that said interim report was actually given to Manning, Hollinger and Shea by the plaintiff, and not by "The Maccabees."

It is not denied that the firm of Manning, Hollinger and Shea was retained in connection with the transformation of "The Maccabees" from a fraternal benefit insurance society to a mutual insurance company, as well as the investigation by the New York Insurance Department, and, accordingly, that it had access to information connected therewith. I am satisfied, however, that none of such information, while it pertains, of course, to the affairs of "The Maccabees" and the plaintiff, is related to the issues in this case.

I agree with the defendant's contention that as set forth in Marco v. Dulles, D.C., 169 F.Supp. 622, at page 629, "[4] It is unnecessary on a motion to disqualify for a former client to show that his former attorney is in the possession of specific secrets or confidences." As Judge Weinfeld said in T. C. Theatre Corp. v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y., 113 F.Supp. 265, 268, the rule is "that where any *substantial relationship* can be shown between the subject matter of a former representation and that of a subsequent adverse representation, the latter will be prohibited." Judge Weinfeld said, further, at page 268, that "the former client need show no more than that *the matters embraced within the pending suit* wherein his former attorney appears on behalf of his adversary *are substantially related to the matters or cause of action wherein* the attorney previously represented him, the former client." (Emphasis added.)

In the case at bar, however, the retainers of Manning, Hollinger and Shea by "The Maccabees" were of a most limited and specific nature. They represented "The Maccabees" only in the proceeding to transform it from a fraternal benefit insurance society into a mutual insurance company, and in the investigation conducted by the Insurance Department of the State of New York,

matters totally unrelated to the instant case, wherein they represent the plaintiff Shelley in an action for the breach of certain contracts and for conspiracy to induce the breach thereof; nor have they ever represented any of the individual defendants therein.

Accordingly, "The Maccabees'" motion to disqualify is in all respects denied. The motion of the plaintiff and his attorneys to vacate the subpoenas duces tecum served upon them is granted.

The motion to quash and suppress the deposition of Joseph A. Navarre and to enjoin the continuance thereof is denied.

Settle order on notice.